IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN BRUCE HOLLAND, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-18-4461 |
| § | | |
| EDWARD S. WEISFELNER and § | | |
| BROWN RUDNICK LAW FIRM, § | | |
| Defendants. § | | |

# **MEMORANDUM AND ORDER**

This case was referred to United States Magistrate Judge Dena Palermo pursuant to 28 U.S.C. § 636(b)(1)(B) by Order [Doc. # 17] entered April 26, 2019. On July 2, 2019, Magistrate Judge Palermo issued a Report and Recommendation[1] [Doc. # 20], recommending that this Court grant Defendants' Motion to Dismiss [Doc. # 12], and that Plaintiff's Motion for Additional Remedies [Doc. # 4] be denied as moot. Magistrate Judge Palermo clearly notified the parties that any objections to the recommendation must be filed within fourteen days, or by July 16, 2019. *See* Report and Recommendation, p. 12. No objections were filed.

The Court finds that the Magistrate Judge's Report and Recommendation is well founded. The Court lacks personal jurisdiction over Defendants, venue in the

---

[1] The Report and Recommendation was signed July 1, 2019, and was entered July 2, 2019.

Southern District of Texas is improper, Plaintiff has failed to effect proper service of process on Defendants, and Plaintiff fails to state an adequately pled malicious prosecution or other claim against Defendants. Therefore, the Magistrate Judge's recommended disposition should be adopted.[2] It is therefore

**ORDERED** that the Report and Recommendation [Doc. # 20] is **ADOPTED** as this Court's Memorandum and Order. It is further

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 12] is **GRANTED** and this case is **DISMISSED**. It is further

**ORDERED** that Plaintiff's Motion for Additional Remedies [Doc. # 4] is **DENIED AS MOOT**.

A final order will be entered separately.

SIGNED at Houston, Texas, this 22nd day of **July, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Since there are no objections, the Court has not made a *de novo* review of this matter. *See* 28 U.S.C. § 636(b)(1).